# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**REBECCA J. WOOD,**

    **Plaintiff,**

**v.**                                                  **Case No: 5:14-cv-476-Oc-22PRL**

**G4S YOUTH SERVICES, LLC**

    **Defendant.**

## ORDER

This matter, brought pursuant to the Fair Labor Standards Act ("FLSA"), is before the court on the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Action With Prejudice. (Doc. 15). The District Judge referred this case to me to determine whether the settlement between Plaintiff and Defendant is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). (Doc. 16). For the reasons explained below, I recommend that the settlement be approved.[1]

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff claims that she is entitled to unpaid wages and overtime compensation for unspecified hours worked "off the clock." (Doc. 15). Defendant, however, denies that Plaintiff worked any hours off the clock and contends that Plaintiff has been fully paid all wages and overtime compensation due to her. As the parties continue to disagree over the merits, they aver that this settlement represents a reasonable means for both parties to minimize future risks and litigation costs.

As set forth in the Settlement Agreement and Release of Claims (Doc. 15-1), the settlement provides that Defendant will pay a total sum of $5,000 to resolve this matter, including a payment to Plaintiff of $3,000 ($1,500 for Plaintiff's claim for wages and overtime compensation, and $1,500 for Plaintiff's claim for liquidated damages). (Doc. 15-1). The Agreement further states that Defendant will make a payment to Plaintiff's counsel in the amount of $2,000, representing payment for attorneys' fees in this case. (Doc. 15-1).

In exchange for these payments, Plaintiff agrees to release Defendant from all claims Plaintiff might have under the FLSA against Defendant. The parties were represented by experienced counsel who vigorously represented their clients' interests. Under these circumstances, the undersigned finds the settlement to be reasonable.

As for the amount of attorney's fees and costs, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

Here, the settlement agreement reveals that the attorney's fees were negotiated separately without regard to the amount paid to Plaintiff. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, the undersigned finds that the amount of $2,000 for attorneys' fees and costs appears to be reasonable.[2]

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

- 4 -

As such, it is **respectfully recommended** that the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Action With Prejudice (Doc. 15) be granted, the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter be dismissed, with prejudice.

**DONE** and **ORDERED** in Ocala, Florida on January 15, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties